JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0708 AG (JPRx) | Date | May 10, 2013 |
|---|---|---|---|
| Title | WELLS FARGO, N.A. v. TEODORA IBARRA | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:**    **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the Orange County Superior Court.

Plaintiff is Wells Fargo, N.A., as successor by merger to Wells Fargo Bank Minnesota, N.A., f/k/a Northwest Bank Minnesota, N.A., solely as trustee for Structured Asset Mortgage Investments II, Inc., Bar Stearns Mortgage Funding Trust 2007-AR4 Mortgage Pass-through Certificates, Series 2007-AR4 ("Plaintiff"). Plaintiff filed a Complaint for unlawful detainer against Defendant Teodora Ibarra ("Defendant") in state court, seeking to evict Defendant from foreclosed property and requesting related damages.

Defendant filed a Notice of Removal to remove the unlawful detainer action to this Court. Defendant makes three arguments supporting removal jurisdiction. All of them fail.

Defendant first claims that removal is proper under 28 U.S.C. § 1331 (original federal question jurisdiction). The Court disagrees. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," not by reference to any counter-claims

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0708 AG (JPRx) | Date | May 10, 2013 |
|---|---|---|---|
| Title | WELLS FARGO, N.A. v. TEODORA IBARRA | | |

defendants may raise. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's original case was for unlawful detainer. That does not raise a federal question. *See, e.g., Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at *2 (N.D. Cal. March 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D. Cal. Dec. 6, 2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at *2–3 (N.D. Cal. Aug. 30, 2010) (same). Defendant's argument that she may have counterclaims based on federal laws is also insufficient to support federal question jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 392. Thus, the Court does not have subject matter jurisdiction over Plaintiff's claims under 28 U .S.C. § 1331.

Defendant also contends the Court has diversity jurisdiction under 28 U.S.C. § 1332. This argument fails because Defendant not alleged the citizenship of either party. *See Kanter v. Warner-Lamert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("Failure to specify [a party's] state citizenship [is] fatal to [an] assertion of diversity jurisdiction.")

The Court also rejects Defendant's unsupported, conclusory argument that a "civil rights removal" is warranted under 28 U.S.C. § 1443. *See California v. Sandoval* , 434 F.2d 635, 636 (9th Cir. 1970) (holding that, under Section 1443, removing defendants must satisfy two-part tests showing (1) "rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and (2) "the state courts will not enforce that right").

In closing, the Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0708 AG (JPRx) | Date | May 10, 2013 |
|---|---|---|---|
| Title | WELLS FARGO, N.A. v. TEODORA IBARRA | | |

[was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

The Court also notes that Defendant is representing herself without a lawyer. People who represent themselves in court without a lawyer are called "pro se litigants." Whether acting as plaintiffs or defendants, pro se litigants in federal court face special challenges. The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. For more information about the clinic, visit http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

**DISPOSITION**

Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer

lmb